**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**VERSO PAPER, LLC**                                                                        **PLAINTIFF**

**v.**                               **Cause No. 3:11-MC-628-CWR-LRA**

**HIRERIGHT, INC.**                                                       **DEFENDANT**

---

**BANKPLUS**                                                                **MOVANT**

**ORDER**

Pending before the Court is BankPlus's objection to the Magistrate Judge's Order of January 19, 2012. Docket No. 8. The plaintiff has responded in opposition, Docket No. 11, BankPlus has replied, Docket No. 12, and the matter is ready for review. Also pending is the plaintiff's motion to strike, Docket No. 9, which is fully briefed, Docket Nos. 10 and 13. After considering the facts, arguments, and applicable law, the Court will overrule the objection and deny the motion to strike.

**I.**     *Factual and Procedural History*

In 2010, Verso Paper, LLC sued HireRight, Inc. in the United States District Court for the Central District of California. Docket No. 1, at 1. Verso alleged that HireRight failed to properly screen a job applicant named Thom Williams, an accountant who had previously pled guilty to embezzlement in Mississippi state court. *Id.* at 1-2; *see* Docket No. 1-1, at 2. This alleged failure proved costly when Williams was hired and proceeded to embezzle more than $10 million from Verso. Docket No. 1, at 1-2.

In September 2011, Verso subpoenaed certain records from BankPlus. *Id.* at 2. Its requests are reproduced here in their entirety:

> **Category 1:** All documents related to Thom Williams, and any account(s) held in his name, including, but not limited to the Williams Account, including all applications, accounts agreements, signature cards, copies of forms of identification, and any other documents relating to Thom Williams opening any account at BankPlus, all statements, reports, emails, correspondence, reports, emails, internal memorandum, or documents related to any and all communications between BankPlus and Thom Williams, all documents related to ACH transfers, wire transfers, electronic transfers, deposits, credits, debits, checks, withdrawals, and other transfers of money into and out of the Williams Account and/or any Thom

>Williams account at BankPlus.
>
>**Category 2:** All documents that evidence the steps BankPlus took to verify that the information and documentation submitted in connection with the opening of the Williams Account was true and accurate.
>
>**Category 3:** All documents relating to BankPlus policies and procedures, including training manuals, policy manuals, procedure manuals, or other documents, related to detecting and reporting suspicious activities in customer bank accounts at BankPlus, including but not limited to all documents relating to all state and federal laws and regulations applicable to BankPlus regarding detecting and reporting suspicious activities in customer bank accounts.
>
>**Category 4:** All documents relating to or reflecting any investigation into Thom Williams and/or the Williams Account and deposits into that account.
>
>**Category 5:** All documents, reports, emails or other communications with criminal or regulatory authorities regarding Thom Williams and/or the Williams Account and deposits into that account.

Docket No. 1-2, at 2.

BankPlus filed a motion in this Court to quash the subpoena, claiming it was overbroad and contrary to law. Docket No. 1, at 2-5. Verso's response explained that the vast majority of the embezzled funds were transferred to Williams' personal account at BankPlus, and otherwise defended the subpoena. Docket No. 4. In rebuttal, BankPlus maintained that it properly moved to quash at least in part because it did not want to violate Mississippi's banking confidentiality laws. Docket No. 5, at 2-3.

The Magistrate Judge held a telephonic hearing on the matter on January 10, 2012, and nine days later issued an Order granting in part and denying in part the motion. Docket No. 7. Here is the heart of the ruling:

>The statutory authority cited by the parties does not require that the subpoena be quashed. BankPlus has not shown that any portion of the materials is subject to a privilege recognized by the federal common law or Mississippi law. Any privacy rights of Williams were waived when he pled guilty to embezzling these funds. The primary objection by BankPlus is its concern that Verso is conducting a "fishing expedition" for information which would support a direct claim against BankPlus for liability relating to this account. Verso has not denied that the information may be used for that purpose. Yet BankPlus has cited no authority which would prevent Verso from acquiring the documents and using them for this purpose, as long as the

>   materials may reasonably lead to admissible evidence in the underlying litigation.
>
>   The undersigned finds that some of the subpoenaed documents may lead to the legitimate discovery of admissible evidence in the Hireright case, and no law authorizes quashing the subpoena. Some of the information sought would only be tangentially relevant, and the burden on BankPlus outweighs any probative value the documents might provide. The Court does not know what materials would be a duplicate production, and BankPlus's objections to that extent are waived. Any documents sought which relate to the account at issue shall be produced pursuant to the subpoena, as Verso should be allowed full access to documents pertaining to its own stolen money; documents requested that do not relate to the Williams account shall not be produced.
>
>   The undersigned finds that the subpoena shall be quashed only as to Category No. 3, as this category only applies to BankPlus's general procedures, unrelated to the Williams account. The remaining categories relate solely to the Williams account and shall be produced.

*Id.* at 4-5.

II.    *The Motion to Strike*

   A.    *Background*

The Court will first consider Verso's motion to strike. The Magistrate Judge's Order notified the parties that this miscellaneous action would be closed unless an objection was filed on or before February 6. *Id.* at 5. BankPlus filed its objection on February 6.

Verso's motion argues that the objection was untimely because the Magistrate Judge's *docket entry* said that objections were due "2/3/2012." Docket No. 9. It further contends that Federal Rule of Civil Procedure 72(a) grants only 14 days for objections to be lodged, which means objections were due on or before February 2, 2012, regardless of what the Magistrate Judge ordered. *Id.*

BankPlus agrees that there initially was a discrepancy in the due date, but points out that it was resolved on January 25, when the Magistrate Judge amended the earlier docket entry and clarified that objections were due on or before February 6. Docket No. 10 (citing Text Only Order of Jan. 25, 2012). Its objection was timely, it claims. *Id.* at 2.

Verso's reply doubles down on its second argument – that Rule 72(a) prohibited the Magistrate Judge from extending the period to object, and therefore objections were due on or before February 2. Docket No. 13.

   B.    *Discussion*

Verso's motion will be denied because Rule 72's 14-day deadline is not jurisdictional. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1427 (5th Cir. 1996) (en banc) (collecting cases); *see* 12 Wright & Miller, Fed. Prac. & Proc. § 3070.1 & n.20 (2d ed. updated Apr. 2012) ("Even where the rule applies, it is not jurisdictional and the court may choose to consider arguments not raised in a timely objection."); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 (7th Cir. 2009); *Spence v. Superintendent*, 219 F.3d 162, 174 (2d Cir. 2000).  If the Rule was jurisdictional, a party's failure to timely object to a Magistrate Judge's Report and Recommendation could never be reviewed.  But that is not the case; untimely objections are reviewed for plain error. *Douglass*, 79 F.3d at 1428-29.

The Supreme Court recently held that not every rule, "even if important and mandatory," should "be given the jurisdictional brand." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1203 (2011) (citation omitted).  The 14-day rule for objections is likely a claim-processing rule, because it "seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id.*  That conclusion is supported by the fact that an objection from the Order of a Magistrate Judge to a District Judge is not "an appeal from one court to another court," but a proceeding within the same court. *Id.*

In addition, it would be incongruous with the substantive authority granted Magistrate Judges to deny them the discretion to grant brief extensions of the 14-day deadline.  Magistrate and District Judges are empowered to extend the time for objection and consider late objections.  The motion is denied.

III.     *Present Arguments*

BankPlus contends that the subpoena is unduly burdensome and therefore violates Rule 45(c)(3)(A)(iv).  Docket No. 8.  Its main argument is that the subpoena is unlikely to lead to the discovery of admissible evidence that supports Verso's precise claims against HireRight. *Id.* at 1-2. It asserts it has already produced some of these records in response to an earlier subpoena. *Id.* & n.1.  BankPlus also claims the subpoena is overbroad: compliance with Category 1 "would require that BankPlus produce **all** correspondence directed to or regarding Willliams without regard to whether or not the correspondence is probative of the issues involved in Verso's litigation with HireRight." *Id.* at 4.  It reurges its same arguments as to Category 5, with the additional contention that it "is generally prohibited from disclosing communications with law enforcement and regulatory

4

authorities." *Id.* at 5.  Finally, BankPlus asks the Court to bless its research and copying fees, of $50 an hour and $2 per page, respectively.  *Id.* at 6.

In response, Verso argues it is entitled to all documents showing "how Williams withdrew, distributed or spent the money after stealing it," which are "exclusively in the possession of BankPlus." Docket No. 11, at 4.  The documents relate to its specific claims against HireRight, it says, because they "refute allegations of Verso's comparative negligence," show how Williams' suspicious activities were discovered, and "substantiate the timing and full extent of" Williams' transfers.  *Id.* at 4-6.  Verso denies that a request about a single account holder is unduly burdensome.  *Id.* at 5-6.  Finally, it claims BankPlus's arguments regarding law enforcement privileges are vague, opaque, and unsupported. *Id.* at 7.

In rebuttal, BankPlus contends that Verso already has or should have all the records it needs regarding Williams' transactions.  Docket No. 12, at 2.  It then provides additional legal support for its claim that the documents sought are not relevant to the HireRight suit.  *Id.* at 3-4.

IV. *Standard of Review*

The parties have not addressed how this Court should review a Magistrate Judge's Order in a miscellaneous ("MC") action that quashes in part a subpoena.  The Court concludes that it should reverse the Order only if it is "clearly erroneous or contrary to law," because the Order resolved a "pretrial matter pending before the court."  28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a) (establishing clear error review of "pretrial matter[s] not dispositive of a party's claim or defense").

This matter is essentially a discovery dispute, which is considered nondispositive of the claims in the original litigation.  *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)*; Safespan Platform Sys., Inc. v. EZ Access, Inc.*, No. 06-cv-726-A, 2012 WL 777305, *2 (W.D.N.Y. Mar. 8, 2012) (quoting *Thomas E. Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)); *see Pigott v. Sanibel Development, LLC*, No. 07-0083, 2008 WL 2937804, *3 (S.D. Ala. 2008) ("Rulings on discovery or on evidence . . . are *not* dispositive rulings in any sense.") (collecting cases); *Stayinfront, Inc. v. Tobin*, No. 05-4563, 2006 WL 3228033, *1-2 (D.N.J. Nov. 3, 2006) (treating discovery ruling as nondispositive and reviewing for clear error in case where party sought discovery from non-party).

"A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Am. Cancer Soc. v. Cook*, 675

5

F.3d 524, 528 (5th Cir. 2012) (quotation marks and citation omitted). Under the clear error standard, this Court may not reverse a factual finding because it would have decided the matter differently, and its function is not to decide factual issues *de novo*. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985).

V.      *Discussion*

Rule 45 states, in relevant part, that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

> The moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive. Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation. To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (quotation marks and citations omitted); *see Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).

Some of BankPlus's arguments cannot be considered. For example, the Magistrate Judge found that BankPlus had not shown which materials would constitute a duplicate production, and therefore concluded that the argument had been waived. Docket No. 7, at 4. BankPlus cannot resuscitate a waived argument now, and even if it could, it has not attempted to show which documents have already been produced. That argument is unavailing.

Along similar lines, BankPlus's objection to the Magistrate Judge's Order specifically invoked the bank examination privilege, the government deliberative privilege, and the law enforcement privilege. Docket No. 8, at 5. But those privileges were not raised in its original motion to quash, which instead spoke of its own attorney client and work-product privileges, and then asserted without explanation that it was "prohibited by law from disclosing" government or regulatory investigations. Docket No. 1, at 4.

It is not enough to assert that the "law" authorizes or prohibits a certain action; a party has

6

to explain why and provide citations to relevant authorities. *See de la O v. Hous. Auth. of City of El Paso*, Tex., 417 F.3d 495, 501 (5th Cir. 2005) ("perfunctory and conclusional assertions[s]" do not suffice because "Judges are not like pigs, hunting for truffles buried in briefs") (citation omitted). Complete briefing is especially important when the party asserting the "law" has the burden of proof. And it is one reason why the Local Rules require most motions to be filed with a memorandum brief containing supporting authorities, which BankPlus did not provide with its original motion to quash. *See* L.U. Civ. R. 7(b)(4) ("At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion.").

Here, because the specific privileges were not briefed before the Magistrate Judge, they cannot be considered now. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005). If the confidentiality of certain documents remains a concern, the parties should secure those documents by use of a protective order.

What remains is to consider the factors of the *Wiwa* test. The documents sought by Verso are relevant and important: they describe how approximately $10 million was stolen, show where the funds went after they left BankPlus, and are reasonably calculated to lead to the discovery of admissible evidence in the HireRight trial. While the subpoena is broad in that it seeks everything about Williams and his account(s), it is also somewhat limited in that it seeks information about only one account holder. It is not clear how much time or effort it will take BankPlus – a non-party, the Court recognizes – to comply with the subpoena; it has not submitted a cost or time estimate to the Court. But that deficiency weighs against BankPlus, since it had the burden to prove an undue burden. To the extent BankPlus is burdened, it may seek reimbursement from Verso for reasonable expenses for staff time and copying charges.[1]

For these reasons, BankPlus has failed to prove that the Magistrate Judge clearly erred when she determined that Categories 1, 2, 4, and 5 of Verso's subpoena did not constitute an undue burden.

VI.   *Conclusion*

---

[1] On that note, BankPlus's proposed $2 per page copying charge is unreasonable. To the extent anything must be photocopied in our digital era, the Court finds that $0.25 per page is a reasonable charge.

BankPlus's objection is overruled and Verso's motion to strike is denied. BankPlus shall respond to Categories 1, 2, 4, and 5 of the subpoena.

**SO ORDERED**, this the 22nd day of June, 2012.

                                             s/ Carlton W. Reeves
                                             UNITED STATES DISTRICT JUDGE